FILED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2011 JUL 28  P 1: 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

*NORFOLK DIVISION*

| | |
|---|---|
| AUTOMATED TRACKING SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No.: *2:11CV424 - RBS/PEM* |
| vs. | ) ) ) |
| AWAREPOINT CORPORATION, BODE TECHNOLOGY GROUP, INC., IMPINJ, INC., TELETRACKING TECHNOLOGIES, INC., RADARFIND CORPORATION, AND SIMPLYRFID INC., | ) ) ) **Jury Trial Demanded** ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Automated Tracking Solutions, LLC ("ATS"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), alleges the following in support of its Complaint against Defendants Awarepoint Corporation ("Awarepoint"), Bode Technology Group, Inc. ("Bode Technology"), Impinj, Inc. ("Impinj"), TeleTracking Technologies, Inc. ("TeleTracking Technologies"), RadarFind Corporation ("RadarFind"), and SimplyRFiD Inc. ("SimplyRFiD") (collectively, "Defendants") for patent infringement:

## PARTIES

1.     Plaintiff Automated Tracking Solutions, LLC is a Delaware limited liability company with its principal place of business located at 8500 Fort Hunt Rd., Alexandria, VA 22308.

2.      Upon information and belief, Awarepoint Corporation is a Delaware corporation with its principal place of business at 600 West Broadway, Suite 250, San Diego, CA 92101.

3.      Upon information and belief, Bode Technology Group, Inc. is a Delaware corporation with its principal place of business at 10430 Furnace Road, Suite 107, Lorton, VA 22079.

4.      Upon information and belief, Impinj, Inc. is a Delaware corporation with its principal place of business at 701 North 34th Street, Suite 300, Seattle, WA 98103.

5.      Upon information and belief, TeleTracking Technologies, Inc. is a Delaware corporation with its principal place of business at 336 Fourth Avenue, Pittsburgh, PA 15222. Upon information and belief, Defendant RadarFind Corporation is a wholly owned subsidiary of TeleTracking Technologies, Inc.

6       Upon information and belief, RadarFind Corporation is a Delaware corporation with its principal place of business located at 2100 Gateway Centre Boulevard, Suite 150, Morrisville, NC 27560. Upon information and belief, RadarFind Corporation is a wholly owned subsidiary of Defendant TeleTracking Technologies, Inc.

7.      Upon information and belief, SimplyRFiD Inc. is a Virginia corporation with its principal place of business located at 6599 Commerce Ct., Suite 100, Warrenton, VA 20187.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

*Awarepoint Corporation*

9.    Upon information and belief, this Court has personal jurisdiction over Awarepoint because Awarepoint regularly and purposefully avails itself of the privilege of conducting business activities in the Commonwealth of Virginia and this judicial district by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, upon information and belief, personal jurisdiction is proper because Awarepoint has committed acts of direct infringement and/or indirect infringement in this judicial district.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Awarepoint is subject to personal jurisdiction in this judicial district and has committed acts of direct infringement and/or indirect infringement in this judicial district.

*Bode Technology Group, Inc.*

11.    Upon information and belief, this Court has personal jurisdiction over Bode Technology because Bode Technology regularly and purposefully avails itself of the privilege of conducting business activities in the Commonwealth of Virginia and this judicial district by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, upon information and belief, personal jurisdiction is proper because Bode Technology has committed acts of direct infringement and/or indirect infringement in this judicial district.

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Bode Technology is subject to personal jurisdiction in this judicial district

and has committed acts of direct infringement and/or indirect infringement in this judicial district.

*Impinj, Inc.*

13.     Upon information and belief, this Court has personal jurisdiction over Impinj because Impinj regularly and purposefully avails itself of the privilege of conducting business activities in the Commonwealth of Virginia and this judicial district by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, upon information and belief, personal jurisdiction is proper because Impinj has committed acts of direct infringement and/or indirect infringement in this judicial district.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Impinj is subject to personal jurisdiction in this judicial district and has committed acts of direct infringement and/or indirect infringement in this judicial district.

*TeleTracking Technologies, Inc., and RadarFind Corporation*

15.     Upon information and belief, this Court has personal jurisdiction over TeleTracking Technologies and RadarFind because TeleTracking Technologies and RadarFind regularly and purposefully avail themselves of the privilege of conducting business activities in the Commonwealth of Virginia and this judicial district by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district. In addition, upon information and belief, personal jurisdiction is proper because

TeleTracking Technologies and RadarFind have committed acts of direct infringement and/or indirect infringement in this judicial district.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because TeleTracking Technologies and RadarFind are subject to personal jurisdiction in this judicial district and have committed acts of direct infringement and/or indirect infringement in this judicial district.

*SimplyRFiD Inc.*

17.     Upon information and belief, this Court has personal jurisdiction over SimplyRFiD because SimplyRFiD regularly and purposefully avails itself of the privilege of conducting business activities in the Commonwealth of Virginia and this judicial district by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, upon information and belief, personal jurisdiction is proper because SimplyRFiD has committed acts of direct infringement and/or indirect infringement in this judicial district.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because SimplyRFiD is subject to personal jurisdiction in this judicial district and has committed acts of direct infringement and/or indirect infringement in this judicial district.

## FACTUAL BACKGROUND

19.     Inventory control was conventionally performed primarily by hand or not at all. As a result, businesses often faced significant shrinkage of inventory and increased labor costs as employees searched for missing items.

20.     Dr. Fred H. Sawyer initially founded F.H.S. Systems Engineering & Technical Services, Ltd. to develop and integrate new RFID technology into these manual processes. In 2005, Dr. Sawyer founded Automated Tracking Solutions Incorporated, which became ATS when Adam S. Malamut, Scott D. Liebling and Ronald L. Dubrow joined on August 14, 2007, to continue the development and integration of RFID technology.

21.     Dr. Sawyer has been a resident of Alexandria, Virginia, since 1984. He was born and grew up in Norfolk, Virginia and attended college at Virginia State University, obtaining a degree in Physics in 1962. Dr. Sawyer also obtained a doctorate in Operations Research in 1977 from the George Washington University with a concentration in queuing theory, and a master's degree in Electrical Engineering in 1987 from Penn State University. He is the majority owner of ATS.

22.     Dr. Sawyer invented processes and systems that permit identification, tracking, location, and/or surveillance of tagged objects at the item level anywhere in a facility or area. As part of his work at ATS, Dr. Sawyer designed and built an operable system for performing these functions.

23.     Dr. Sawyer filed for multiple patents to protect these inventions at the United States Patent and Trademark Office ("USPTO").

24.     Dr. Sawyer is the sole named inventor in United States Patent Nos. 7,551,089, 7,834,765, 7,834,766, and 6,933,849 (collectively the "Patents-in-Suit") and has assigned the Patents-in-Suit to ATS.

6

## FIRST CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 7,551,089

25.     The allegations of Paragraphs 1-24 are incorporated herein by reference.

26.     ATS is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,551,089 ("the '089 patent"), entitled "Method and Apparatus for Tracking Objects and People," which issued on June 23, 2009. A true and correct copy of the '089 patent is attached hereto as Exhibit 1.

27.     Defendant Awarepoint has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 49-62 of the '089 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Awarepoint's infringing products and services include, without limitation, the Real-Time Location System (RTLS). Awarepoint's RTLS system includes Awarepoint tags (equipment T2A asset tag, sterilizable T2S tag, temperature monitoring T2T tag, and wearable T2P1 patient tag), Awarepoint Sensors (S2 and S2C sensors), Awarepoint Applicance, Awarepoint Bridge, Awarepoint RTLS Software (including but not limited to Awarepoint engine, Searchpoint, and Infopoint software) and Amelior Tracker Products (Amelior Tracker Mobile, Amelior CVUTracker, Amelior EDTracker, Amelior OPS Tracker, and Amelior ORTracker).

28.     Defendant Bode Technology has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-25, 27-37, and 39-62 of the '089 patent through at least the acts of making, using, selling, offering for sale,

and/or importing infringing products and services, either literally or under the doctrine of equivalents. Bode Technology's infringing products and services include, without limitation, the Bode-RFID Evidence and Tracking system including near field UPM Raflatac Paperclip tags, far field UPM Raflatac Dogbone tags, Identi-Gun RFID Reader, Motorola MC9090-G RFID reader, Workabout Pro handheld computer, Speedway R220 reader, Speedway R420 reader, brickyard antenna, guardwall antenna, mini-guardrail antenna, threshold antenna, RFID thin portal, RFID Guardian Portal, and Bode-RFID Software.

29. Defendant Impinj has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 49-62 of the '089 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Impinj's infringing products and services include, without limitation, the Monza RFID tag chips, Indy Reader Chips, Brickyard Antenna, Guardwall Antenna, MatchBox Antenna, Mini-Guardrail Antenna, Threshold Antenna, Speedway Revolution Reader, Speedway Reader, Speedway xPortal Reader, and Octane software.

30. Defendants TeleTracking Technologies and RadarFind have been infringing, continue to infringe, induce others to infringe, and/or contribute to the infringement by others of, claims 49-62 of the '089 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. TeleTracking Technologies and RadarFind's infringing products and services include, without limitation, the RadarFind Real Time Location System (RTLS) including Asset tags, patient tags, readers, collectors, server, and RadarFind Software Suite including RadarFind database, location engine, and reporting software.

8

31.     Defendant SimplyRFiD has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-25, 36-37, and 40-62 of the '089 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. SimplyRFiD's infringing products and services include, without limitation, the SimplyRFiD Asset Tracking System including Avery AD-223 RFID tags, C1G2 RFID tags, SimplyRFiD Blank Travelers tags, SimplyRFiD Blank XTravelers tags, Nox tags (including, without limitation, Nox-TM4 tags, Nox-2 tags, Nox-TM9LR On/Off Metal High-Temperature Rugged RFID tags, Nox-TM7G tags), Handheld RFID Reader, NoxInterrogators, NoxZone, NoxWMS, RFID antennas, Nox Asset Tracking Appliances, and NoxCore Software.

32.     Defendants' acts of infringement have injured and damaged ATS.

33.     Defendants' infringement has caused irreparable injury to ATS and will continue to cause irreparable injury until Defendants are enjoined by this Court from further infringement.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 7,834,765

34.     The allegations of Paragraphs 1-33 are incorporated herein by reference.

35.     ATS is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,834,765 ("the '765 patent"), entitled "Method and Apparatus for Tracking Objects and People," which issued on Nov. 16, 2010. A true and correct copy of the '765 patent is attached hereto as Exhibit 2.

36.    Defendant Awarepoint has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-59 of the '765 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Awarepoint's infringing products and services include, without limitation, the Real-Time Location System (RTLS). Awarepoint's RTLS system includes Awarepoint tags (equipment T2A asset tag, sterilizable T2S tag, temperature monitoring T2T tag, and wearable T2P1 patient tag), Awarepoint Sensors (S2 and S2C sensors), Awarepoint Appliance, Awarepoint Bridge, Awarepoint RTLS Software (including but not limited to Awarepoint engine, Searchpoint, and Infopoint software) and Amelior Tracker Products (Amelior Tracker Mobile, Amelior CVUTracker, Amelior EDTracker, Amelior OPS Tracker, and Amelior ORTracker).

37.    Defendant Bode Technology has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-59 of the '765 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Bode Technology's infringing products and services include, without limitation, the Bode-RFID Evidence and Tracking system including near field UPM Raflatac Paperclip tags, far field UPM Raflatac Dogbone tags, Identi-Gun RFID Reader, Motorola MC9090-G RFID reader, Workabout Pro handheld computer, Speedway R220 reader, Speedway R420 reader, brickyard antenna, guardwall antenna, mini-guardrail antenna, threshold antenna, RFID thin portal, RFID Guardian Portal, and Bode-RFID Software.

38.    Defendant Impinj has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-59 of the '765 patent

through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Impinj's infringing products and services include, without limitation, the Monza RFID tag chips, Indy Reader Chips, Brickyard Antenna, Guardwall Antenna, MatchBox Antenna, Mini-Guardrail Antenna, Threshold Antenna, Speedway Revolution Reader, Speedway Reader, Speedway xPortal Reader, and Octane software.

39.     Defendants TeleTracking Technologies and RadarFind have been infringing, continue to infringe, induce others to infringe, and/or contribute to the infringement by others of, claims 1-59 of the '765 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. TeleTracking Technologies and RadarFind's infringing products and services include, without limitation, the RadarFind Real Time Location System (RTLS) including Asset tags, patient tags, readers, collectors, server, and RadarFind Software Suite including RadarFind database, location engine, and reporting software.

40.     Defendant SimplyRFiD has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-59 of the '765 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. SimplyRFiD's infringing products and services include, without limitation, the SimplyRFiD Asset Tracking System including Avery AD-223 RFID tags, C1G2 RFID tags, SimplyRFiD Blank Travelers tags, SimplyRFiD Blank XTravelers tags, Nox tags (including, without limitation, Nox-TM4 tags, Nox-2 tags, Nox-TM9LR On/Off Metal High-Temperature Rugged RFID tags, Nox-TM7G

tags), Handheld RFID Reader, NoxInterrogators, NoxZone, NoxWMS, RFID antennas, Nox Asset Tracking Appliances, and NoxCore Software.

41.     Defendants' acts of infringement have injured and damaged ATS.

42.     Defendants' infringement has caused irreparable injury to ATS and will continue to cause irreparable injury until Defendants are enjoined by this Court from further infringement.

## THIRD CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 7,834,766

43.     The allegations of Paragraphs 1-42 are incorporated herein by reference.

44.     ATS is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,834,766 ("the '766 patent"), entitled "Method and Apparatus for Tracking Objects and People," which issued on Nov. 16, 2010. A true and correct copy of the '766 patent is attached hereto as Exhibit 3.

45.     Defendant Awarepoint has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-67 of the '766 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Awarepoint's infringing products and services include, without limitation, the Real-Time Location System (RTLS). Awarepoint's RTLS system includes Awarepoint tags (equipment T2A asset tag, sterilizable T2S tag, temperature monitoring T2T tag, and wearable T2P1 patient tag), Awarepoint Sensors (S2 and S2C sensors), Awarepoint Appliance, Awarepoint Bridge,

Awarepoint RTLS Software (including but not limited to Awarepoint engine, Searchpoint, and Infopoint software) and Amelior Tracker Products (Amelior Tracker Mobile, Amelior CVUTracker, Amelior EDTracker, Amelior OPS Tracker, and Amelior ORTracker).

46.    Defendant Bode Technology has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-67 of the '766 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Bode Technology's infringing products and services include, without limitation, the Bode-RFID Evidence and Tracking system including near field UPM Raflatac Paperclip tags, far field UPM Raflatac Dogbone tags, Identi-Gun RFID Reader, Motorola MC9090-G RFID reader, Workabout Pro handheld computer, Speedway R220 reader, Speedway R420 reader, brickyard antenna, guardwall antenna, mini-guardrail antenna, threshold antenna, RFID thin portal, RFID Guardian Portal, and Bode-RFID Software.

47.    Defendant Impinj has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-67 of the '766 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Impinj's infringing products and services include, without limitation, the Monza RFID tag chips, Indy Reader Chips, Brickyard Antenna, Guardwall Antenna, MatchBox Antenna, Mini-Guardrail Antenna, Threshold Antenna, Speedway Revolution Reader, Speedway Reader, Speedway xPortal Reader, and Octane software.

48.     Defendants TeleTracking Technologies and RadarFind have been infringing, continue to infringe, induce others to infringe, and/or contribute to the infringement by others of, claims 1-67 of the '766 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. TeleTracking Technologies and RadarFind's infringing products and services include, without limitation, the RadarFind Real Time Location System (RTLS) including Asset tags, patient tags, readers, collectors, server, and RadarFind Software Suite including RadarFind database, location engine, and reporting software.

49.     Defendant SimplyRFiD has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-67 of the '766 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. SimplyRFiD's infringing products and services include, without limitation, the SimplyRFiD Asset Tracking System including Avery AD-223 RFID tags, C1G2 RFID tags, SimplyRFiD Blank Travelers tags, SimplyRFiD Blank XTravelers tags, Nox tags (including, without limitation, Nox-TM4 tags, Nox-2 tags, Nox-TM9LR On/Off Metal High-Temperature Rugged RFID tags, Nox-TM7G tags), Handheld RFID Reader, NoxInterrogators, NoxZone, NoxWMS, RFID antennas, Nox Asset Tracking Appliances, and NoxCore Software.

50.     Defendants' acts of infringement have injured and damaged ATS.

51.     Defendants' infringement has caused irreparable injury to ATS and will continue to cause irreparable injury until Defendants are enjoined by this Court from further infringement.

## FOURTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,933,849

52.     The allegations of Paragraphs 1-51 are incorporated herein by reference.

53.     ATS is the assignee and sole owner of all right, title, and interest in United States Patent No. 6,933,849 ("the '849 patent"), entitled "Method and Apparatus for Tracking Objects and People," which issued on Aug. 23, 2005. A true and correct copy of the '849 patent is attached hereto as Exhibit 4.

54.     Defendant Awarepoint has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-2, 22-26, 42-43, and 53 of the '849 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Awarepoint's infringing products and services include, without limitation, the Real-Time Location System (RTLS). Awarepoint's RTLS system includes Awarepoint tags (equipment T2A asset tag, sterilizable T2S tag, temperature monitoring T2T tag, and wearable T2P1 patient tag), Awarepoint Sensors (S2 and S2C sensors), Awarepoint Appliance, Awarepoint Bridge, Awarepoint RTLS Software (including but not limited to Awarepoint engine, Searchpoint, and Infopoint software) and Amelior Tracker Products (Amelior Tracker Mobile, Amelior CVUTracker, Amelior EDTracker, Amelior OPS Tracker, and Amelior ORTracker).

55.     Defendant Bode Technology has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-2, 22-26, 29-30, 39-40, 42-43, and 53 of the '849 patent through at least the acts of making, using, selling,

offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Bode Technology's infringing products and services include, without limitation, the Bode-RFID Evidence and Tracking system including near field UPM Raflatac Paperclip tags, far field UPM Raflatac Dogbone tags, Identi-Gun RFID Reader, Motorola MC9090-G RFID reader, Workabout Pro handheld computer, Speedway R220 reader, Speedway R420 reader, brickyard antenna, guardwall antenna, mini-guardrail antenna, threshold antenna, RFID Thin Portal, RFID Guardian Portal, and Bode-RFID Software.

56.   Defendant Impinj has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-2, 22-26, 42-43, and 53 of the '849 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. Impinj's infringing products and services include, without limitation, the Monza RFID tag chips, Indy Reader Chips, Brickyard Antenna, Guardwall Antenna, MatchBox Antenna, Mini-Guardrail Antenna, Threshold Antenna, Speedway Revolution Reader, Speedway Reader, Speedway xPortal Reader, and Octane software.

57.   Defendants TeleTracking Technologies and RadarFind have been infringing, continue to infringe, induce others to infringe, and/or contribute to the infringement by others of, claims 1-2, 22-26, 42-43, and 53 of the '849 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. TeleTracking Technologies and RadarFind's infringing products and services include, without limitation, the RadarFind Real Time Location System (RTLS) including Asset tags, patient tags, readers, collectors, server, and RadarFind Software Suite including RadarFind database, location engine, and reporting software.

58.     Defendant SimplyRFiD has been infringing, continues to infringe, induces others to infringe, and/or contributes to the infringement by others of, claims 1-2, 22-26, 29-30, 39-40, 42-43, and 53 of the '849 patent through at least the acts of making, using, selling, offering for sale, and/or importing infringing products and services, either literally or under the doctrine of equivalents. SimplyRFiD's infringing products and services include, without limitation, the SimplyRFiD Asset Tracking System including Avery AD-223 RFID tags, C1G2 RFID tags, SimplyRFiD Blank Travelers tags, SimplyRFiD Blank XTravelers tags, Nox tags (including, without limitation, Nox-TM4 tags, Nox-2 tags, Nox-TM9LR On/Off Metal High-Temperature Rugged RFID tags, Nox-TM7G tags), Handheld RFID Reader, NoxInterrogators, NoxZone, NoxWMS, RFID antennas, Nox Asset Tracking Appliances, and NoxCore Software.

59.     Defendants' acts of infringement have injured and damaged ATS.

60.     Defendants' infringement has caused irreparable injury to ATS and will continue to cause irreparable injury until Defendants are enjoined by this Court from further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.      A judgment against Defendants as to infringement of the Patents-in-Suit as alleged above;

2.      A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participating with them, from further

acts of infringement, inducing infringement, and/or contributing to the infringement of the Patents-in-Suit as alleged above;

3.    A judgment against Defendants for money damages sustained as a result of Defendants' infringement of the Patents-in-Suit, as alleged above, in an amount as provided under 35 U.S.C. § 284, to be no less than a reasonable royalty with interest and costs;

4.    An accounting for infringing sales not presented at trial and an award by this Court of additional damages for any such infringing sales;

5.    An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

6.    A finding that this case is an exceptional case pursuant to 35 U.S.C. § 285 and award ATS its costs and reasonable attorneys' fees incurred in connection with this action; and

7.    Such other and further relief as this Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury pursuant to FED. R. CIV. P. 38 of all

issues in this action so triable.

Date:  July 28, 2011

Respectfully submitted,

By: _Lori A. Gordon_

H. Keeto Sabharwal (pro hac app. pending)
Robert E. Sokohl (pro hac app. pending)
Lori A. Gordon (VSB # 65503)
Nirav N. Desai (VSB # 72887)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 800
Washington, DC 20005-3934
Telephone: 202.371.2600
Facsimile: 202.371.2540
Email: ksabharwal@skgf.com
        rsokohl@skgf.com
        lgordon@skgf.com
        ndesai@skgf.com

Steven J. Toll (VSB # 15300)
Kate M. Konopka (pro hac app. pending)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave N.W., Suite 500 West
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Email: stoll@cohenmilstein.com
        kkonopka@cohenmilstein.com

J. Douglas Richards (pro hac app. pending)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: 212.838.7797
Facsimile: 212.838.7745
Email: drichards@cohenmilstein.com

*Attorneys for Plaintiff*
*Automated Tracking Solutions, LLC*