

**Sterne Kessler Goldstein Fox**
ATTORNEYS AT LAW

K. COURTNEY MACDONALD
ASSOCIATE
202.772.8743
FAX: 202.371.2540
CMACDONALD@SKGF.COM

RECEIVED
JUN 25 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

June 25, 2013

Honorable Theresa C. Buchanan            *Via Hand Delivery*
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

     Re:    *Automated Tracking Solutions, LLC v. Awarepoint Corporation*, 1:12-cv-1313.

Dear Judge Buchanan:

     We represent Plaintiff Automated Tracking Solutions, LLC in the above-captioned matter. On Friday, June 21, 2013, Awarepoint Corporation ("Awarepoint") submitted a letter to the Court regarding the steps it took to preserve documents for this litigation and to describe the auto-delete function of its Microsoft Exchange server. Because Awarepoint presented new information to the Court, Automated Tracking Solutions, LLC ("ATS") presents this letter to respectfully request the Court order Awarepoint to have each custodian who may have had documents and/or information responsive to ATS' document requests, provide a sworn declaration that he or she has not deleted or destroyed any such documents or information; and to the extent electronic documents have been or could have been deleted, that Awarepoint retain an independent expert to perform a forensic analysis on its servers and custodian's computers to determine if any deleted documents are recoverable. Additionally, ATS respectfully requests the Court to suspend temporarily expert discovery in this action until this issue is resolved.

### I. Awarepoint's Preservation Communications

     Two years after this litigation was filed, Awarepoint's counsel now concedes that it did not issue a litigation hold notice to likely Awarepoint custodians. *See* C. Reilly June 21, 2013 letter to the Court at 1. No explanation is offered as to why Awarepoint's experienced counsel deviated from this standard practice.[1] *Id.* Awarepoint also represents that its counsel had "a

---

[1] Indeed, Awarepoint's counsel advised the Court that it is his firm's policy to issue a litigation hold letter. *See* June 14, 2013 Tr. at 25:7-15:

> MR. HILLYER: What I can tell you is that our firm is aware of this issue. We know what a litigation hold letter is. It's our firm policy to issue one in every single litigation for reasons like this one.

Honorable Theresa C. Buchanan
June 25, 2013
Page 2

thorough, oral discussion about the preservation of electronically stored information ('ESI') . . . between counsel and Awarepoint personnel early in the case, and counsel was advised that Awarepoint did not routinely purge records, regardless of the storage medium." *See* C. Reilly June 21, 2013 letter to the Court at 1. However, this preservation discussion appears to have been with only one custodian, Awarepoint's Chief Technology Officer Matt Perkins. *See id.* at 2. Awarepoint, however, had a duty to advise all likely custodians to preserve relevant documents. *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 496 (E.D. Va. 2011).

Awarepoint's letter to the Court does not address the extent to which relevant documents and/or information were deleted; that issue appears to be yet unresolved. Rather, Awarepoint only represents that "Awarepoint did not have a *general* policy or practice of routinely purging its internal records." *See* C. Reilly June 21, 2013 letter to the Court at 2 (emphasis added). To remove any doubt, ATS requests that Awarepoint provide from each custodian from whom documents were collected a declaration (1) detailing when the custodian received any instruction to preserve documents related to this action, including who provided that instruction, how that instruction was conveyed, and the contents of that instruction, (2) the custodian's actual practice for preservation of documents since the inception of this case, including whether any documents with potentially responsive information have been deleted or destroyed, and (3) to the extent documents have been deleted or destroyed, a detailed description of the types and contents of those documents and when they were deleted or destroyed.

Additionally, ATS requests that Awarepoint hire an independent computer forensics firm to analyze and attempt to recover any electronic documents, from an employee's computer or an Awarepoint server, that have been deleted since the inception of this action. *See E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 3:09-cv-58 (E.D. Va. Sept. 21, 2010), Dkt. No. 595 at 2 (ordering forensic analysis by an independent third-party). To the extent the documents cannot be retrieved, ATS requests an opportunity to depose that document's custodian, at Awarepoint's expense, to further understand the information that is no longer available.

## II.   Awarepoint's Email Double-Delete Process

Awarepoint's letter attempts to minimize the significance of its failure to issue a hold notice and its failure to preserve emails by relying upon the fact that an email is not deleted by the Microsoft Exchange Server until a custodian empties his or her deleted items folder in Microsoft Outlook. *See* C. Reilly June 21, 2013 letter to the Court at 2, 4-5. This provides no assurance that responsive emails were preserved. Among other things, Awarepoint has not provided any information about the specific practices of the relevant custodians in terms of

---

THE COURT: Yeah.

MR. HILLYER: So, although I can't represent this with exact
certainty because I don't have personal knowledge, I can confirm
it, but I'm reasonably certain that a litigation hold letter was issued.

deleting their email over the past two years. To resolve this issue, ATS requests that Awarepoint provide declarations from each of the eight custodians identified by ATS: (1) detailing when the custodian received any instruction to preserve documents related to this action, including who provided that instruction, how that instruction was conveyed, and the contents of that instruction, (2) detailing their specific practices for deleting emails from their inbox and other Outlook folders; (3) detailing their specific practices for deleting emails from their deleted items folder in Outlook; and (4) providing a description of any responsive emails that were permanently deleted since July 2011. If an employee confirms that emails have been deleted, ATS requests that Awarepoint hire an independent computer forensics firm to analyze and attempt to recover any emails from a custodian's computer or from the Awarepoint Microsoft Exchange server. To the extent emails cannot be recovered, ATS requests an opportunity, at Awarepoint's expense, to depose that email's custodian to further understand the information that is no longer available.

Furthermore, two of the custodians that ATS identified, Phil Weinroth and Jules Marciniak Cassano, left Awarepoint during the pendency of this litigation. Both of these employees likely have responsive documents. Awarepoint identified Phil Weinroth as its corporate designee for the source code topics in ATS's 30(b)(6) notice and Jules Marciniak Cassano appears to have been the Director of Marketing for Awarepoint for six years. ATS requests that Awarepoint provide a declaration that all of Mr. Weinroth's and Ms. Cassano's email and documents (electronic and hard copy) were preserved.

### III. Expert Discovery

The parties have exchanged expert reports relating to infringement, validity, and damages but have yet to conduct expert depositions. Such depositions are presently scheduled to be concluded by July 3 (damages) and July 12 (infringement/validity). Because Awarepoint has yet to produce the emails as required by the Court's June 14, 2013 order and more responsive documents may be recovered through forensic analysis, ATS requests the Court temporarily suspend expert discovery until these matters are resolved. As it is likely that any supplemental production by Awarepoint will lead to some additional fact depositions and supplementation of expert disclosures, it will be more efficient for the parties and the Court to delay the completion of expert discovery until this matter is resolved.

Please let us know if you request further briefing or oral argument.

Regards,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

K. Courtney Macdonald

cc: Counsel of Record